KMART CORPORATION, a Michigan Corporation doing business in El Paso County, Texas, Appellant,

v.

Antonio JORDAN, and wife Beatrice Jordan, Appellees.

No. 08–99–00447–CV.

Court of Appeals of Texas, El Paso.

Aug. 7, 2003.

Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C., El Paso, for appellant.

Bernardo Gonzalez, El Paso, for appellee.

Before Panel No. 4: BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION ON MOTION

ANN CRAWFORD McCLURE, Justice.

Pending before the Court is the motion of Appellant, KMart Corporation, to reverse the judgment because the parties have settled all matters in controversy between them. The Appellees, Antonio and Beatrice Jordan obtained a money judgment against KMart in a wrongful death suit. KMart appealed the judgment and later filed a bankruptcy petition after the appeal had been submitted. Consequently, this Court entered an order acknowledging the automatic stay required by the pending bankruptcy proceeding. The bankruptcy court recently approved a settlement of the Jordans' claim against

KMart. In order to resolve KMart's motion, we reinstate the appeal.

Rule 42.1 of the Texas Rules of Appellate Procedure states that:

(a) The appellate court may dispose of an appeal as follows:

(1) On Motion of Appellant. In accordance with a motion of appellant, the court may dismiss the appeal or affirm the appealed judgment or order unless disposition would prevent a party from seeking relief to which it would otherwise be entitled.

(2) By Agreement. In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, the court may:

(A) render judgment effectuating the parties' agreements;

(B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance wit [sic] the agreements; or

(C) abate the appeal and permit proceedings in the trial court to effectuate the agreement.

By its motion, KMart requests that we set aside the trial court's judgment without regard to the merits and remand the case to the trial court for entry of a take nothing judgment in accordance with the settlement agreement. *See* Tex.R.App.P. 42.1(a)(2)(B). According to the motion, the Jordans have been paid the funds specified in the settlement agreement and they have waived all claims they have against KMart. The motion is granted. Accordingly, the trial court's judgment is set aside and the cause is remanded to the trial court for entry of a take nothing judgment. Pursuant to the parties' agreement, we assess costs against the party incurring same. *See* Tex.R.App.P. 42.1(d)(absent agreement of the parties, the court will tax costs against the appellant).